Nadezhda URSINI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72638.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 2006.*

Filed Nov. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elena E. Tsiprin, Esq., Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, M. Jocelyn Lopez Wright, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and WINMILL,** District Judge.

## MEMORANDUM ***

■ 1. The IJ correctly found that petitioner lacked credibility, because she submitted two false documents that went to the heart of her asylum claim. After submission of the first false document, petitioner was afforded an opportunity to submit additional documentation. In response, she submitted another document that the IJ determined to be fraudulent. It was thus more than "reasonable to infer that a[n applicant] with a legitimate claim does not usually find it necessary to invent or fabricate documents in order to establish asylum eligibility." *Matter of O–D–*, 21 I. & N. Dec. 1079, 1083, 1998 WL 24904 (BIA 1998). Because substantial evidence supports the adverse credibility finding and no other evidence submitted compels us to conclude to the contrary, her asylum claim necessarily fails. *See* 8 U.S.C. 1252(b)(4)(B). Petitioner thus similarly fails to qualify for withholding of removal. *See Acewicz v. INS,* 984 F.2d 1056, 1062 (9th Cir.1993).

■ 2. An asylum application may be found frivolous if: (1) petitioner received notice of the consequences of filing a frivolous application, 8 U.S.C. 1158(d)(4)(A); (2) "any of its material elements is deliberately fabricated," 8 C.F.R. § 208.20; and (3) petitioner was given "an opportunity to explain any discrepancies in the testimony

** The Honorable Lynn B. Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

before a finding of frivolousness—permanently barring immigration relief—is entered." *Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003). Substantial evidence supports the IJ's frivolousness finding. First, the record shows, and Ursini does not dispute, that she was given notice. Second, the IJ reasonably concluded that the false documents were material and went to the heart of petitioner's claim, because the alleged arson incident was the tipping point in her decision to leave Russia. Finally, petitioner was given ample opportunity to respond. She responded to the first false document by submitting another false document. When the IJ determined that petitioner affirmatively submitted the second forged document, she was given three more weeks to explain the discrepancy. Because she failed to respond, it was reasonable for the IJ to conclude that Ursini knowingly filed a frivolous application.

**PETITION DENIED.**